[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Robert Rihn, a CPA, has brought a three count complaint against the defendant, Karen Verrinder, seeking collection of $3,000 in accounting fees. The first count alleges breach of contract, the second count claims unjust enrichment, and the third count alleges fraud. The defendant has denied liability and has filed a counterclaim alleging a violation of CT Page 14373 the Connecticut Unfair Trade Practices Act (CUTPA) based upon alleged violations of the Connecticut Creditor's Collection Practices Act (CCPA).
The court has heard testimony from the plaintiff, the defendant, and the defendant's husband, James Verrinder. The testimony of the plaintiff and that of the defendant and her husband differed in numerous material respects. The court resolves the issues of credibility in favor of the defendant and therefore finds as follows.
On September 2, 1993, James Verrinder met with the plaintiff at his office regarding problems with the IRS as to payroll taxes for James Verrinder's business which he had started in 1989 and incorporated in April of 1993. Based upon his belief that there must be two persons as officers of the corporation, and that each officer had to be a stockholder, James Verrinder made the defendant the secretary of the corporation and she was given ownership of 20% of the stock (the 20% was transferred back to James Verrinder in May of 1993).
On September 2, 1993, the plaintiff told James Verrinder that he needed a power of attorney in order to deal with the IRS on behalf of the corporation, and that such power of attorney had to be signed by the officers of the corporation.
The plaintiff was to be paid a fee of $3,000 for his services, $1,000 of which was to be paid within a week. On September 3, 1993, the defendant went to the plaintiff's office at the request of her husband in order to sign the power of attorney. At that time, there were no discussions regarding the plaintiff representing the defendant as her accountant and no agreement to do so was entered into. Thereafter, the plaintiff undertook to represent James Verrinder and the corporation with respect to the payroll tax liability of each.
Subsequently, in September of 1993, James Verrinder suffered an injury requiring surgery which resulted in a period of disability of approximately 14 weeks. In order to facilitate business, the defendant became a signatory as to the corporation's checking account.
In December of 1993, the plaintiff billed the corporation for the balance of the $3,000 fee which was quoted at the September 2, 1993 meeting. In March of 1994, while the above billing CT Page 14374 remained outstanding, the IRS notified the plaintiff (for the second time) that it would no longer deal with him regarding James Verrinder. In order to obtain his records, James Verrinder was told by the plaintiff that his outstanding bill had to be paid. On March 24, 1994, the defendant wrote a check to the plaintiff in the amount of $2,000 from her personal account which she characterized as a loan to the corporation.
Also, at a point in time after the IRS notified the plaintiff that it was bypassing his power of attorney but before the above mentioned $2,000 payment, the plaintiff called James Verrinder and left a message that if he wasn't paid what was due him he would have an attorney come after him and also that the IRS would find out that the defendant was an officer of the corporation.
The plaintiff denied that this was a threat explaining that his obligation was to provide such information to the IRS. However, this explanation does not ring true since any such obligation would exist regardless of whether the plaintiff's bill was paid or unpaid. This call constituted a threat and an attempt to intimidate James Verrinder.
Subsequently, James Verrinder began to deal with the IRS and eventually resolved his tax problems as to himself and the corporation.
In June of 1994, James Verrinder filed bankruptcy as to himself and as to the corporation. On the advice of counsel, James listed the plaintiff as a creditor in the bankruptcy proceedings. Both he and the corporation received a discharge in bankruptcy in September of 1994.
In October of 1994, the defendant and James Verrinder received a bill in the amount of $3,000 which bill was dated May 7, 1994 and was addressed to both James and Karen Verrinder. The bill was not itemized by services rendered, or to whom, nor did it contain information as to the hours expended by the plaintiff or the hourly rate. In May of 1995, the plaintiff instituted the action against the defendant only seeking payment of the entire $3,000 bill.
The evidence discloses that the plaintiff dealt exclusively with James Verrinder with the exception of the September 3, 1993 visit by the defendant to the plaintiff's office for the sole purpose of signing a power of attorney as an officer of the CT Page 14375 corporation. It is also apparent from the evidence that at no time did the IRS suggest that they would be looking to the defendant individually for the payment of payroll taxes.
Therefore, the court finds that there existed no agreement between the plaintiff and the defendant individually for the rendition of accounting services. Furthermore, the court finds that the defendant was not unjustly enriched as a result of the plaintiff's services to James Verrinder and the corporation. Finally, the evidence suggests no basis whatsoever for the plaintiff's claim of fraud against the defendant.
Therefore, the court finds in favor of the defendant on the complaint.
In her counterclaim, the defendant alleges that the conduct of the plaintiff was in violation of CCPA and that such violation forms the basis for her CUTPA claim. Essentially, the defendant claims that the plaintiff sought to collect from her a debt for services rendered knowing that such debt was in reality that of her husband and his corporation each of which had been discharged in bankruptcy. The defendant claims that the plaintiff violated the CCPA in numerous respects.
The court agrees with the defendant that a CUTPA claim can be predicated upon the violation of CCPA. However, it must be established that there was a violation of CCPA which would contravene public policy. The Banking Commissioner has promulgated regulations to carry out the purposes of the CCPA. Sec. 36a-647-2(4) defines "Consumer Debtor" as "any natural person residing in this state to whom credit for personal, family or household purposes has been extended or who is otherwise obligated to pay a debt, and includes any person who a creditor believes to be a consumer debtor."
In the case at hand, the alleged debt, were it to be established by the plaintiff, would relate to liability on behalf of the defendant as a result of her position as an officer of the corporation owned by her husband. In the court's view, such does not constitute "credit for personal, family or household purposes."
It is also the opinion of the court that the defendant does not come within the definition of a "consumer debtor" even if credit for "personal, family or household purposes" was involved. CT Page 14376 It is the finding of the court that the defendant is not obligated to pay the debt claimed by the plaintiff. It is also the finding of the court that the plaintiff did not believe the defendant to be a consumer debtor but in fact sought collection from her because her husband and the corporation had been discharged in bankruptcy.
The defendant, in her brief, claims that the above regulation includes within the definition of "consumer debtor," a consumer debtor's spouse. Again, James Verrinder would not, in the court's opinion, be a consumer debtor since his obligation would not pertain to a "personal, family or household" matter. Also, the expansion of the definition of a "consumer debtor" to a spouse applies only to that term as used in sections 36a-647-3 and36a-647-4 of the regulations and not to the term "consumer debtor" as it may be relevant to the circumstances of this case.
Since the CCPA does not apply to the facts as found, the CUTPA claim cannot be predicated upon a violation thereof.
Accordingly, judgment hereby enters in favor of the defendant on the complaint and in favor of the plaintiff on the counterclaim.
Thompson, J.